UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20195-CR-SEITZ/GARBER

UNITED STATES OF AMERICA

v.

MARLON MONTESINO,

       Defendant.
_____/

## PLEA AGREEMENT

The United States of America and MARLON MONTESINO (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to **plead guilty to Count 1** of the Indictment. Count 1 charges the defendant with knowingly possessing child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

2. In return, the United States agrees to seek dismissal of Count 2 of the Indictment, after sentencing.

3. The defendant is aware and understands that his sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter the "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which will commence investigation after the guilty plea has been entered.

4. The defendant is also aware and understands that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the guilty plea solely as a result of the sentence imposed.

5. The defendant also understands and acknowledges that, as to Count 1, the court may impose a statutory maximum term of imprisonment of up to **10 years**, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, as to Count 1, the court may impose a fine of up to $250,000.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

9. The United States further agrees to recommend that the defendant be sentenced at the **low end of the sentencing guideline range**, as that range is determined by the court. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The defendant is aware that **the sentence has not yet been determined by the court**. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court.

11. The defendant further understands and acknowledges that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant also agrees to forfeit to the United States, voluntarily and immediately, all of his right, title and interest to all assets, and/or their substitutes, which are subject to forfeiture pursuant to Title 18, United States Code, Section 2253 including, but not limited, to one (1) HP Pavilion laptop computer.

13. The defendant agrees that the above named property is material which contains a visual depiction in violation of Title 18, United States Code, Chapter 110 and/or was used or intended to be used to commit or to promote the commission of the violation to which the defendant has agreed to plead guilty, and that the property is, therefore, subject to forfeiture pursuant to Title 18, United States Code, Section 2253.

14. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in

exchange for the undertakings made by the United States in this plea agreement, the defendant hereby **waives all rights** conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights.

15. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowingly and voluntarily made.

16. The defendant also knowingly and voluntarily agrees to waive any claim or defense that he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. The defendant agrees to waive his right to appeal the forfeiture.

17. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's **immigration status** if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's

attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

18. Defendant understands that by pleading guilty, he will be required to **register as a sex offender** upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. Defendant understands that he/she shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he/she will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Florida following release from prison, defendant will be subject to the registration requirements of Florida state laws pertaining to sex offender registry. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

19. As a condition of supervised release, defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and

state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

20. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO FERRER
UNITED STATES ATTORNEY

Date: 06/22/12         By: _____
                           VANESSA S. JOHANNES
                           ASSISTANT UNITED STATES ATTORNEY

Date: 6/22/12          By: _____
                           GREGORY GONZALEZ, ESQ.
                           COUNSEL FOR DEFENDANT

Date: 6/22/12          By: _____
                           MARLON MONTESINO
                           DEFENDANT